Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SCOTT LUCAS,** | ) Case No. |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **PORTFOLIO RECOVERY** | ) **COLLECTION PRACTICES ACT** |
| **ASSOCIATES, LLC,** | ) |
| | ) |
| Defendant. | ) |
| _____ ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Scott Lucas ("Plaintiff"), is a natural person residing in Kings county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Portfolio Recovery Associates, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant attempted to collect an alleged debt from Plaintiff.

6. Defendant has called Plaintiff daily, often multiple times in one day, in attempt to collect an alleged credit card debt.

7. Plaintiff told Defendant to stop calling him, as the debt was paid off in 2006. Defendant told Plaintiff they will continue to call him until he pays.

8. Defendant has been reporting the alleged debt on Plaintiff's credit report, despite Plaintiff's dispute. Defendant has refused to remove the item from his credit report.

9. Defendant attempted to collect over $2,000 from Plaintiff for a credit card that had a $300 maximum limit.

10. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, calling multiple times in one day (Cal Civ Code §1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling multiple times in one day (Cal Civ Code §1788.11(e));

   c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, calling multiple times in one day (§1692d(5));

   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, continuing to call Plaintiff after he told Defendant to stop calling (§1692c(a)(1));

e) Communicating or threatening to communicate credit information which is known or which should be known to be false, including, but not limited to, continuing to report the alleged debt, although it has been paid off (§1692e(8));

f) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, telling Plaintiff he will continue to get calls from Defendant until he pays (§1692f));

g) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, attempting to collect $2,000, for a credit card with a maximum limit of $300 that had been paid off in 2006 (§1692f(1));

h) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, attempting to collect $2,000, for a credit card with a maximum limit of $300 that had been paid off in 2006  (§1692f(1)); and

i) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, attempting to collect $2,000, for a credit card with a maximum limit of $300 that had been paid off in 2006 (§1692e(2)(A)).

11.     As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

15. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 30th day of April, 2011.

                    By:    s/Todd M. Friedman
                            Todd M. Friedman (216752)
                            Law Offices of Todd M. Friedman, P.C.
                            369 S. Doheny Dr. #415
                            Beverly Hills, CA 90211
                            Phone: 877-206-4741
                            Fax: 866-633-0228
                            tfriedman@attorneysforconsumers.com
                            Attorney for Plaintiff